UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 2:12-CR-122 |
| | ) | |
| TYLER M. SPROUSE | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 258]. Through counsel, the defendant asks the court to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). The United States has responded in partial opposition to the motion but ultimately defers to the court's discretion whether and to what extent to award a reduction. Having now considered the full record before it, the court concludes that the defendant's motion should be denied.

**I.    Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. background (2014).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect" when the defendant was previously sentenced. *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also

became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was previously sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Background

By judgment dated September 25, 2013, this court sentenced the defendant to a term of imprisonment of 41 months as to Count One (conspiracy to manufacture methamphetamine). The defendant's advisory guideline range was 57 to 71 months, based on a total offense level of 23 and a criminal history category of III. However, the statute of conviction carried a 60-month mandatory minimum, thereby restricting the guideline range to 60 to 71 months.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

Prior to sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The court granted the motion and imposed the 41-month sentence, a reduction of 32 percent from the bottom of the restricted guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on January 29, 2016.

## III.   Analysis

Applying Amendment 782, the defendant's new advisory guideline range is 46 to 57 months, based on a total offense level of 21 and a criminal history category of III. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Applying U.S.S.G § 1B1.10(c), a corresponding 3553(e) departure may be applied without regard to the mandatory minimum sentence. Doing so would result in a sentence of 31 months.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the requested sentence reduction should <u>not</u> be granted.

This court sentenced the defendant when she was approximately 20 years of age. Despite her youth, she had already accrued a criminal history category of III. The

defendant has conducted herself no better post-sentencing. While incarcerated, she has received at least six disciplinary sanctions for misconduct including possession of unauthorized items, being in an unauthorized area, and refusing to obey an order.

While the court has considered all of the applicable 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 factors, it is specifically noted that the defendant's conduct while incarcerated - paired with her history and characteristics - reinforces the need to promote respect for the law, adequately deter criminal conduct, and protect the public from further crimes by this defendant. *See* 18 U.S.C. § 3553(a)(2). As noted above, "[t]he authorization of . . . a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. background.

### IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 258] is **DENIED**.

        **IT IS SO ORDERED.**

        ENTER:

        s/ Leon Jordan
        United States District Judge