UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:12-CR-122 |
| | ) | |
| TYLER M. SPROUSE | ) | |

## O R D E R

This criminal case is before the court on the defendant's *pro se* "Motion to Vacate, Set-Aside or Correct Sentence Under 28 U.S.C. 2255 / 2255-Motion for Minimal or Minor Role Under Amendment 794." [Doc. 306]. Because the defendant in fact seeks a sentence *reduction* in light of Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), the court construes her filing as a motion brought pursuant to 18 U.S.C. § 3582(c)(2) rather than as a motion to vacate under § 2255.

By judgment dated September 25, 2013, this court sentenced the defendant to a term of imprisonment of 41 months to be followed by four years of supervised release. The defendant completed her term of imprisonment in February 2016 and commenced supervision. She is now again in Bureau of Prisons custody due to a violation of her supervised release conditions.

Amendment 794 went into effect on November 1, 2015, altering Application Note 3(A) of U.S.S.G. § 3B1.2 and adding a list of factors to Application Note 3(C). Guideline 3B1.2 allows the court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. Amendment 794

"provides additional guidance to sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies."  U.S.S.G. app. C, amend. 794 (2015).

Relying on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), the defendant argues that Amendment 794 should be retroactively applied to her case.  The holding of *Quintero-Leyva* has recently been adopted by the Sixth Circuit Court of Appeals.  *See United States v. Carter*, Nos. 15-3618, 15-3643, 2016 WL 5682707 (6th Cir. Oct. 3, 2016).  However, *Quintero-Leyva* and *Carter* hold only that Amendment 794 applies retroactively to cases on *direct appeal* to an appellate court.  *Quintero-Leyva*, 823 F.3d at 523 ("We therefore hold that [Amendment 794] applies retroactively *to direct appeals*.") (emphasis added); *Carter*, 2016 WL 5682707, at *6 ("We agree with [*Quintero-Leyva*] and adopt its reasoning.").

Because the instant defendant's case is not in a posture of direct appeal, *Quintero-Leyva* and *Carter* do not apply.  *See, e.g., Klosowski v. United States*, No. 12-cr-20458, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016) ("Amendment 794 has not, however, been held to be retroactive on collateral appeal" by *Quintero-Leyva* or *Carter*.); *Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio October 17, 2016) (*Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not.") (citations omitted).  The present motion must therefore be addressed under 18 U.S.C. § 3582(c)(2), which gives district courts discretion to reduce the "*term of imprisonment* . . . of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

The present motion must be denied for several reasons. Foremost, the defendant has already fully served the term of imprisonment imposed by this court at sentencing, so her request is moot. Amendment 794 has nothing to do with the length of the defendant's term of supervision or her revocation sentence, and the defendant makes no argument to that effect.

Even if those roadblocks were not in place, Amendment 794 cannot be retroactively applied to this case. Guideline 1B1.10 is a policy statement issued by the Sentencing Commission. Guideline 1B1.10(d) lists the amendments that can be retroactively applied. Amendment 794 is not on that list. A sentence reduction under Amendment 794 is therefore not "consistent with applicable policy statements issued by the Sentencing Commission," and the defendant would not be entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) in any event. *See, e.g., Johnson*, 2016 WL 6084018, at *2 ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.") (citations omitted).

For all these reasons, defendant's "Motion to Vacate, Set-Aside or Correct Sentence Under 28 U.S.C. 2255 / 2255-Motion for Minimal or Minor Role Under Amendment 794" [doc. 306] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge