UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Case No. 2:12-CR-122 |
| | ) Judge Jordan |
| Tyler M. Sprouse, | ) |
| | ) |
| *Defendant.* | ) |

## AGREED ORDER OF REVOCATION

A Petition for Warrant for Offender Under Supervision has been filed in this matter and the Defendant, Tyler M. Sprouse, now admits that she has violated certain conditions of her supervised release. An agreement has been reached between the Parties which recommends that Ms. Sprouse's supervised release should be revoked and that she should receive a sentence of fourteen (14) months imprisonment followed by no further term of supervised release.

Ms. Sprouse further agrees to waive her right to any further hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive her right to allocute at a revocation hearing, and asks that the agreement of the Defendant and the Government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the Defendant acknowledges that she is giving up several of her rights which are as follows:

1. The right to the assistance of counsel in her defense at a hearing.

2. The right to see and hear all witnesses and have them cross-examined in her defense.

3. The right on her own part not to testify unless she chose to do so in her own defense, and;

4. The right to the issuance of subpoenas to compel the attendance of witnesses to testify on her behalf.

Ms. Sprouse stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

1. **Violation Number 1: Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime.

2. **Violation Number 2: Mandatory Condition No. 2:** The defendant shall not unlawfully possess a controlled substance.

3. **Violation Number 3: Mandatory Condition No. 3:** The defendant must refrain from any unlawful use of a controlled substance.

4. **Violation Number 4: Standard Condition No. 4:** The defendant must answer truthfully the questions asked by the defendant's probation officer.

5. **Violation Number 5: Standard Condition No. 8:** The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

6. **Violation number 6: Standard Condition No. 13:** The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## Factual Basis

On or about May 9, 2019, Ms. Sprouse reported to her required Code-A-Phone referral system drug test. The offender tested presumptively positive for buprenorphine and methamphetamine. The offender has a valid prescription for the buprenorphine, but she denied any use of methamphetamine to the vendor. The sample was sent to the laboratory for confirmation. The laboratory later confirmed the sample was negative for methamphetamine.

On or about May 10, 2019, Ms. Sprouse contacted this officer to discuss her positive drug screen from May 9, 2019. The offender state that on or about May 8, 2019, while at the gas station, she was approached by an old friend. That friend gave her a baggie of methamphetamine and a "rig." The offender stated she went home and intravenously injected methamphetamine that night. The offender stated the amount of methamphetamine was too much for one shot, and she injected the remaining amount on or about May 9, 2019, prior to taking her drug test. Ms. Sprouse was asked if she need substance abuse treatment, and she stated, "NO." The offender was provided information about the Crisis Stabilization Unit. The offender was also referred to mental health counseling.

On or about May 13, 2019, this officer conducted a home contact at Ms. Sprouse's approved residence. The offender was at the residence with a male. The offender identified the male as Justin Watkins. According to the offender, Mr. Watkins had

stayed the night with her. Ms. Sprouse was asked about Mr. Watkins' criminal history. The offender stated he has been off probation for about a year, but she did not know much about his convictions. The offender was asked again about her methamphetamine use. Ms. Sprouse stated she had not used since the day of the drug screen on or about May 9, 2019. The offender was asked again if she needed substance abuse treatment, and she again stated, "NO."

On or about May 15, 2019, this officer and United States Probation Officer (USPO) Rodney McLain conducted a home contact at the offender's approved residence. Ms. Sprouse was again at the residence with the male she had identified as Justin Watkins. An unobserved drug screen was conducted, and the offender tested positive for buprenorphine and methamphetamine. The offender has a valid prescription for the buprenorphine. The offender initially denied new use of methamphetamine and claimed it was from the use on or about May 9, 2019. The offender was informed the laboratory results from the test that day were returned negative. The offender then stated she intravenously injected methamphetamine on or about May 11, 2019, and May 12, 2019. Ms. Sprouse stated she injected methamphetamine on or about May 12, 2019, because she had to stay awake to attend church. Ms. Sprouse was asked why she was not truthful with this officer when questioned about the drug use on or about May 13, 2019. The offender had no response. This would appear to be in violation of Title 18 U.S.C. § 1001.

While at the residence, USPO McLain recognized Justin Watkins to actually be Justin Hawkins. Mr. Hawkins had previously been on supervised release in the

Greeneville office. Mr. Hawkins' supervised release was revoked on two (2) separate occasions for methamphetamine use. Ms. Sprouse was asked why she provided this officer a false identity for Mr. Hawkins. The offender stated she was afraid this officer would instruct her to have no contact with Mr. Hawkins. This would appear to be in violation of Title 18 U.S.C. § 1001.

The United States and Ms. Sprouse agree and stipulate to the truthfulness of the above facts for the purpose of this revocation proceeding only. The Parties agree that the above facts are sufficient to form a factual basis for revocation by a preponderance of the evidence.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute grade B violations for which an advisory guideline range of eight (8) to fourteen (14) months would apply given her Criminal History Category of III. The Court has considered these advisory guideline ranges. The Court has considered the statutory maximum of seventeen (17) months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

**IT IS HEREBY ORDERED** that the Defendant's supervised release is revoked based upon violations one (1) through six (6) above. The Defendant is hereby sentenced

to fourteen (14) months imprisonment in the custody of the Bureau of Prisons with no supervised release to follow. The Court recommends that the Defendant be designated for service of her sentence at FMC Carswell or FMC Lexington.

*[signature]*
Hon. R. Leon Jordan
United States District Judge

*Approved for entry:*

*[signature]*
Greg Bowman
*Assistant U.S. Attorney*

f/ *[signature]*
Robert Welch
*United States Probation Officer*

_____
Tyler M. Sprouse
*Defendant*


_____
Joseph O. McAfee
*Attorney for Defendant*


ORDR1860CR.001-001